UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL E. CREECH,

       Plaintiff,        CIVIL ACTION NO. 11-cv-14769

vs.

                            DISTRICT JUDGE AVERN COHN

COMMISSIONER OF        MAGISTRATE JUDGE MONA K. MAJZOUB
SOCIAL SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Carl Elwood Creech seeks judicial review of Defendant the Commissioner of Society Security's determination that he is not entitled to social security for his physical impairments under 42 U.S.C. § 405(g) and § 1383(c). (Docket no. 1.) Before the Court are the parties' motions for summary judgment. (Docket nos. 10, 12.)

The district court referred these motions to the Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 3.) The Court has reviewed the pleadings, dispenses with a hearing, and issues this report and recommendation pursuant to Eastern district of Michigan Local Rule 7.1(f)(2).

## I.  RECOMMENDATION:

This Court recommends that Defendant's Motion for Summary Judgment be DENIED, Plaintiff's Motion for Summary Judgment be GRANTED in part, and the instant Complaint be REMANDED as set forth herein.

## II.  PROCEDURAL HISTORY:

Plaintiff filed an application for Disability Insurance Benefits with a protective filing date of October 29, 2008, alleging that he had been disabled since February 28, 2008, due to arthritis in his back and pain in his back, neck, and shoulders. (TR 78-79, 94.) The Social Security Administration denied benefits. (TR 26-33, 54-58.) Plaintiff requested a *de novo* hearing, which was held on January 21, 2011, before Administrative Law Judge (ALJ) Jerome B. Blum, who subsequently found that the claimant was not entitled to Disability Insurance Benefits because Plaintiff was capable of performing other work in the economy. (TR 11-17.) The Appeals Council declined to review the ALJ's decision (TR 1-7), and Plaintiff commenced the instant action for judicial review. The parties filed Motions for Summary Judgment, and the issues for review are whether Defendant's denial of benefits was supported by substantial evidence on the record and whether this case should be remanded for consideration of additional evidence.

### III. PLAINTIFF'S TESTIMONY, MEDICAL EVIDENCE, AND VOCATIONAL EXPERT TESTIMONY

#### A. Plaintiff's Testimony

Plaintiff was fifty-four years old at the time of the administrative hearing and fifty-one years old at the time of alleged onset. (TR 37.) Plaintiff has a tenth-grade education and past work experience as a physical laborer–putting bumpers on cars, driving a forklift, and putting down hardwood floors. (TR 37, 43-44.) Plaintiff testified that he hasn't worked since February 2008 because of his back pain, soreness in his shoulders, and numbness in his left side and in both legs. (TR 37, 40-41.) He does not participate in household chores, and although he can drive, he cannot drive more than a few miles at a time. (TR 39-40.) Plaintiff's income is derived from unemployment benefits and loans from family. (TR 42, 48-49.) Plaintiff lives with his wife, son, two daughters, and three grandchildren. (TR 48.)

Plaintiff testified that he has pain mainly in the bottom part of his spine that prevents him from working. (TR 38.) Plaintiff also testified that he has pain in his shoulders, arms, and neck–mainly his left side. (TR 40-41.) He testified that the pain leads to numbness in his arms and in his legs from his waist to his knees. (TR 41.) He testified that he can lift a gallon of milk but nothing heavier without pain and that the constant pain prevents him from bending, lifting, or sitting in one position for long periods of time. (TR 37-38.) Plaintiff testified that he can stand comfortably for about a half hour and then he has to sit down. (TR 38.) He can sit for about two hours and then has to stand again. (TR 47.)

Plaintiff testified that he takes four Vicodin each day for pain and Temazepam and Restoril to help him sleep. (TR 39-40.) He testified that the Vicodin does not eliminate the pain, "but it does take the edge off." (TR 48.) He lives in a two-story house, and because of his trouble climbing the stairs and because his pain causes him to get out of bed frequently, he sleeps on the couch downstairs so as not to disturb his wife. (TR 39.) Plaintiff testified that he does not do any household chores, does not go grocery shopping, and generally spends his days watching TV. (TR 39-41.)

Plaintiff testified that he first saw his doctor about the pain in or around March 2008. (TR 49.) He has had no therapy, surgery, or pain shots for the condition. (*Id.*) He testified that he sees his doctor roughly every other month and that he does not have health insurance; he borrows money from family to pay the doctor in advance. (TR 50.) He was denied Medicaid benefits. (*Id.*)

**B.  Medical Record**

Plaintiff first reported to Dr. Theodore Engelmann at Comprehensive Family Healthcare, PLLC, on September 17, 2007, for chronic left shoulder pain and a possible herniated lumbar disc with left lower radiculopathy. (TR 157.) Dr. Engelmann indicated that he had ordered nuclear

3

studies on Mr. Creech, but that "due to the lack of insurance he [was] unable to obtain the necessary testing to rule out a definite diagnosis." (*Id.*) Dr. Engelmann also reported that Plaintiff suffered from lumbago, with symptoms including multiple tender points, morning stiffness, numbness and tingling, sicca symptoms, and constant pain at a level of eight out of ten. (TR 199-204.) He indicated that Plaintiff was capable of walking one tenth of one block, sitting less than two hours in an eight-hour workday, standing/walking less than two hours in an eight-hour workday, and lifting less than ten pounds. (TR 199-204.) Plaintiff's pathology report indicated the presence of HLA-B27 antigen, which is present in 90% of patients with Ankylosing Spondylitis (AS)–a chronic, spinal inflammatory disease that can lead to fusion of the spine. (TR 175.)

On March 10, 2010, Plaintiff had a consultative examination with Dr. Cheryl Lerchin. (TR 179.) Dr. Lerchin indicated that Plaintiff was told he had AS and that he recounted his symptoms for her. (*Id.*) Dr. Lerchin's physical examination caused her to believe that Plaintiff's neck and back pain was degenerative in origin and that his clinical picture "[did] not fit that of [AS]." (TR 180.) Dr. Lerchin noted, however, that "[i]t is difficult without the patient's x-ray and lab results to say more definitively whether the patient actually has [AS]." (*Id.*) She even reiterated that "[she] would need to review his test results to say [that his issues are not due to AS]." (*Id.*) Dr. Lerchin then determined that Plaintiff should limit his bending and twisting and not lift more than 20 pounds. (*Id.*) Plaintiff then had a second consultative examination on March 3, 2011, by Dr. Clifford M. Buchman. (TR 187.) Dr. Buchman's findings were similar to those of Dr. Lerchin, although he did not discuss x-rays or lab results.

On August 15, 2011, after the ALJ's determination in this matter–but before the Appellate Council's denial of review–Plaintiff underwent an MRI on his lower spine. (Pl. Mot. Ex. 1.) The MRI confirmed that Plaintiff has disc disease at L4/L5 and L5/S1. (*Id.* at 3.)

4

### C. Vocational Expert

The Vocational Expert (VE) testified that Plaintiff's prior work experience was partly skilled an partly unskilled, but none of his past work transferred to sedentary work. (TR 51.) The ALJ asked the VE to consider "light, unskilled jobs in the assembly, inspection, and packaging area." (*Id.*) The VE testified that there would be some 16,000 of these jobs in southeast Michigan and 32,000 across the state. (TR 52.) He testified that these jobs would allow the employee to sit or stand and pick up products that weigh less than 20 pounds. (*Id.*) The VE then testified that if a person could sit no more than two hours and stand no more than 20-30 minutes, that person would be "basically unemployable." (*Id.*)

### IV. ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ found that although Plaintiff met the disability insured status requirements through September 30, 2013, had not engaged in substantial gainful activity since February 28, 2009, and suffered from AS, he did not have an impairment or combination of impairments that meets or equals the Listing of Impairments. (TR 13.) The ALJ found that Plaintiff's allegations regarding the extent of his symptoms–and Dr. Engelmann's diagnosis[1]–were not totally credible, and although Plaintiff could not perform his past work, he has the ability to perform a limited range of light work and there are jobs that exist in significant numbers in the economy that Plaintiff can perform. (TR 13-16.) Therefore he was not suffering from a disability under the Social Security Act from February 28, 2008, through the date of the ALJ's decision. (TR 11.)

---

[1] The ALJ discredited Dr. Engelmann (Plaintiff's treating physician) and Plaintiff because Plaintiff only treated with medication. (TR 15.) The ALJ believed that Plaintiff's "extreme pain and functional limitations" would have required more treatment and that Dr. Engelmann had "become sympathetic to [Plaintiff] and relied heavily upon his subjective complaints." (*Id.*) Thus, the ALJ felt that Dr. Lerchin's and Dr. Buchman's diagnoses were more accurate. (*Id.*)

## V. LAW AND ANALYSIS

### A. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts").

### B. Framework for Social Security Determinations

Plaintiff's Social Security disability determination was made in accordance with a five step

sequential analysis. In the first four steps, Plaintiff was required to show that:

>   (1)    he was not presently engaged in substantial gainful employment; and
>
>   (2)    he suffered from a severe impairment; and
>
>   (3)    the impairment met or was medically equal to a "listed impairment;" or
>
>   (4)    he did not have the residual functional capacity (RFC) to perform his relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented him from doing his past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education and past work experience to determine if he could perform other work. If he could not, he would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

Plaintiff argues that new and material evidence warrants a remand pursuant to sentence six of 42 U.S.C. § 405(g); the ALJ's credibility finding related to Dr. Engelmann regarding Plaintiff's pain and limitations is not supported by substantial evidence; and the ALJ's RFC finding is not supported by substantial evidence.

**C.    Analysis**

Plaintiff argues that the Court should remand his claim for a new hearing based on evidence

7

that Plaintiff argues "provides documentation for a definitive diagnosis." (Pl.'s Br. at 10.) Plaintiff argues that the ALJ discounted Dr. Engelmann's diagnosis, in part, because "a clear diagnosis was never made." (*Id.* (citing TR 15).) Therefore, Plaintiff argues, there is a reasonable probability that this new evidence would result in a different disposition. (Pl.'s Br. at 10.) Defendant responds that "Plaintiff makes no showing that this evidence is new, or material, or that good cause existed for the failure to submit the evidence to the ALJ." (Def.'s Br. at 11.)

In cases where, as here, the Appeals Council declines to review the ALJ's decision, judicial review is limited to the evidence that was part of the record before the ALJ. *Cotton v. Sullivan*, 2 F.3d 692 (6th Cir. 1993); *Casey v. Secretary*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Wyatt v. Sec'y*, 974 F.2d 680, 685 (6th Cir. 1993). Further, under 20 C.F.R. § 404.970(b), "[i]f new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision."

The "court is confined to review evidence that was available to the Secretary, and to determine whether the decision of the Secretary is supported by substantial evidence." *Wyatt*, 974 F.2d at 685 (*citing Richardson*, 402 U.S. at 401). The court may still remand the case to the ALJ to consider this additional evidence but only upon a showing that the evidence is new and material and "that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). This is referred to as a "sentence six remand" under 42 U.S.C. § 405(g). *See Delgado v. Comm'r of Soc. Sec.*, 30 Fed. Appx. 542, 549 (6th Cir. 2002). The party seeking remand has the burden of showing that it is warranted. *See Sizemore v. Sec'y of Health and Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988). "A claimant shows 'good cause' by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Foster*, 279 F.3d

at 357 (*citing Willis v. Sec'y of Health & Human Servs.*, 727 F.2d 551, 554 (6th Cir. 1984)). "[F]or the claimant to satisfy his burden of proof as to materiality, he must demonstrate that there was a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore*, 865 F.2d at 711 (*citing Carroll v. Califano*, 619 F.2d 1157, 1162 (6th Cir. 1980)); *see also Cotton v. Sullivan*, 2 F.3d 692, (6th Cir. 1993) ("Where a party presents new evidence on appeal, this court can remand for further consideration of the evidence only where *the party seeking remand* shows that the new evidence is material.")(emphasis added)(citations omitted).

The evidence at issue is Plaintiffs August 15, 2011 MRI. (Pl. Mot. Ex. 1.) This document post-dates the ALJ's decision; therefore, the Court may not review this evidence except to determine whether the case should be remanded for consideration of the additional evidence. The evidence must be new and material and it must relate to the period on or before the date of the ALJ's hearing decision. Plaintiff has shown good cause for failing to incorporate this evidence in the record before the ALJ because the examination post-dates the ALJ's decision; the evidence did not exist at the time of the ALJ's decision. The Court also finds that the MRI is related to the period before the ALJ's hearing decision because it directly relates to Plaintiff's lower spine. Moreover, the MRI is precisely the test that Dr. Engelmann had ordered but that Plaintiff had been unable to afford.

In determining Plaintiff's RFC, the ALJ noted that he gave "little weight" to Dr. Engelmann's opinion because his opinion was "not justified under [Plaintiff's] treatment history." (TR 15.) He also gave "little weight" to Plaintiff's account for the same reason. (*Id.*) Instead, the ALJ relied on the determinations of Drs. Lerchin and Buchman. (*Id.*) Dr. Engelmann's report, however, stated that Plaintiff needed an MRI to confirm the diagnosis, and Dr. Lerchin explained that her opinion could not be substantiated without considering Plaintiff's blood work and x-rays.

9

In his opinion, the ALJ stated that "whenever statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the undersigned must make a finding on the credibility fo the statements based on a consideration of the entire case record." (TR 14.)  Thus, had the ALJ been provided with "objective medical evidence" supporting Plaintiff's claims, he would not have been required to determine Dr. Englemann's or Plaintiff's credibility.  And with their credibility not at issue, the Court finds that there is a reasonable probability that the Secretary would have reached a different disposition.  Therefore, Plaintiff has established that the evidence is material.

This case should be remanded for consideration of the new evidence and further proceedings consistent with this opinion pursuant to sentence six of 42 U.S.C. § 405(g).  Because a sentence-six remand is warranted, the Court declines to address Plaintiff's arguments in support of a remand pursuant to sentence four of 42 U.S.C. § 405(g).  *See Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991) (Under a remand by sentence six of section 405(g), "[t]he district court does not affirm, modify, or reverse the Secretary's decision; it does not rule in any way as to the correctness of the administrative determination.  Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding."); *see also Isaac v. Astrue*, 2008 WL 471534 at *6 (S.D. Ohio Feb. 14, 2008) (remanding under sentence six, therefore declining to address claimant's sentence-four arguments).

## **VI.**     **CONCLUSION**

The Court should find that there is good cause for remand pursuant to sentence six of 42 U.S.C. § 405(g) and Plaintiff's Motion for Summary Judgment (docket no. 10) should be

GRANTED in part and the case should be remanded for consideration of new and material evidence presented by Plaintiff. Defendant's Motion for Summary Judgment should be DENIED. Because this is a pre-judgment remand, the case should be administratively closed while the Commissioner is considering the new and material evidence. *See Leslie v. Astrue*, 2008 WL 4059946 at *9 (S.D. Ohio Aug. 26, 2008) (citing *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir.1994)).

**REVIEW OF REPORT AND RECOMMENDATION**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: September 24, 2012     s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

      I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: September 24, 2012     s/ Lisa C. Bartlett
Case Manager